IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYEKI STEWART, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 09-341-JJF |
| PERRY PHELPS, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, | : |
| Respondents. | : |

---

Joseph M. Bernstein, Esquire, Wilmington, Delaware. Attorney for Petitioner.

Paul R. Wallace, Chief of Appeals, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

July 8, 2010
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Ryeki Stewart ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The factual events relevant to the Petition are derived from the decision of the Delaware Supreme Court on Petitioner's appeal of his conviction and sentence. Stewart v. State, 945 A.2d 595 (Table), 2008 WL 482310 (Del. Feb. 22, 2008), rehearing en banc denied Mar. 7, 2008. By way of brief summary, the Court notes the following factual information. A first time informant facing drug charges cooperated with Detective Michael Rentz of the Wilmington Police Department and arranged a sale of a half kilogram of cocaine for $11,500 from a male, later identified as Petitioner, whom he would meet in the parking lot of a WalMart. Detective Rentz overheard parts of the conversation the informant had with Petitioner and accompanied the informant to the parking lot, along with members of the Wilmington Police Drug Unit and the New Castle County Drug Unit. Id. at *1.

In the presence of Detective Rentz and Detective Pfaff, the informant again called Petitioner to determine his location. The informant told the detectives that the seller was sitting in the

blue Chrysler that could be observed from their vantage point. The informant confirmed that the man in the Chrysler was the seller he contacted, and Detective Pfaff relayed the location of the car to the responding units. Detectives Rentz and Pfaff remained in the vehicle with the informant, while the other officers blocked Petitioner's vehicle, which was locked and still running. The officers instructed Petitioner to come out of the car, and when he failed to comply with the officers' requests, they broke the window to prevent him from shifting the car into gear and attempting to escape. Petitioner was removed from the car and arrested. A white and red plastic bag containing 495 grams of cocaine was found on the front passenger's seat. Id.

On January 22, 2007, the New Castle County grand jury indicted Petitioner on charges of trafficking cocaine in excess of 100 grams; possession with intent to deliver cocaine; maintaining a vehicle for keeping a controlled substance; and resisting arrest. On April 25, 2007, Petitioner moved to suppress the cocaine recovered from his automobile, claiming that the seizure violated his Federal and State constitutional rights. The Delaware Superior Court conducted an evidentiary hearing on the motion to suppress on June 1, 2007. After finding that the circumstances provided the officers with probable cause for the arrest, the Superior Court denied Petitioner's motion to suppress. Id.

2

On June 19, 2007, the Delaware Superior Court held a stipulated non-jury trial and found Petitioner guilty on all counts. Petitioner was sentenced as follows: eight years at Level V on the trafficking in cocaine conviction; thirty months at Level V, suspended for 18 months at Level III, on the possession with intent to deliver cocaine conviction; three years at Level V, suspended for eighteen months at Level III on the maintaining a vehicle for keeping controlled substances conviction; and one year at Level V, suspended for one year at Level III, on the resisting arrest conviction. (D.I. 8.) Petitioner appealed, and the Delaware Supreme Court affirmed his conviction and sentence. Stewart, 2008 WL 482310.

In September 2008, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging ineffective assistance of counsel. The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that judgment. State v. Stewart, 2008 WL 4455641 (Del. Super. Ct. Sept. 24, 2008); Stewart v. State, 966 A.2d 348 (Table), 2009 WL 304735 (Del. Feb. 9, 2009).

Petitioner timely filed the instant Petition in May 2009. (D.I. 1.) The State filed an Answer, asserting that the Petition should be dismissed as barred by Stone v. Powell, 428 U.S. 465 (1976). (D.I. 8.) Petitioner filed a Reply, asserting that Stone is inapplicable to his case. (D.I. 11.) The Petition is

3

ripe for the Court's for review.

## II. DISCUSSION

Petitioner asserts one ground for relief, namely, that the Delaware Superior Court violated his Fourth Amendment rights by denying his motion to suppress the cocaine seized at the time of his arrest. Petitioner exhausted state remedies for his Fourth Amendment claim by presenting it to the Delaware Supreme Court on direct appeal. However, the Court concludes that Petitioner's claim is not cognizable on federal habeas review.

In the context of a Fourth Amendment claim, the Court need not apply the AEDPA standard of determining whether the state court's adjudication of the Fourth Amendment claim was contrary to or an unreasonable application of United States Supreme Court precedent. Rather, the Court applies the rule enunciated by the Supreme Court in Stone v. Powell, and determines only whether the State has provided the petitioner a full and fair opportunity to litigate the Fourth Amendment claim.[1]  428 U.S. 465, 494 (1976) (holding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or

---

[1] Marshall v. Hendricks, 307 F.3d 36, 81-82 (3d Cir. 2002) (applying rule of Stone v. Powell to habeas petition filed after the enactment of the AEDPA and not applying the AEDPA's contrary to/unreasonable application analysis); see also Sanna v. Dipaolo, 265 F.3d 1, 8-9 (1st Cir. 2001).

4

seizure was introduced at his trial") <u>Id.</u> at 494. The "full and fair" hearing requirement is satisfied if the state courts provided the petitioner with a pre-trial suppression hearing and the Fourth Amendment claim was considered on appeal. <u>See</u> <u>United States ex rel. Hickey v. Jeffes</u>, 571 F.2d 762, 766 (3d Cir. 1978); <u>United States ex rel. Petillo v. New Jersey</u>, 562 F.2d 903, 906-07 (3d Cir. 1977). In the Third Circuit, a petitioner can avoid the bar imposed by <u>Stone</u> only by demonstrating that the state system contains a structural defect that prevented full and fair litigation of the Fourth Amendment claim. <u>Marshall v. Hendricks</u>, 307 F.3d 36, 82 (3d Cir. 2002).

After reviewing the record, the Court concludes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. Petitioner filed in the Delaware Superior Court a pre-trial Rule 41 motion to suppress the cocaine that was seized during his arrest. The Delaware Superior Court held an evidentiary hearing. The investigating officer testified during the suppression hearing, and Petitioner had the opportunity to cross-examine him. Petitioner also had the opportunity to call witnesses on his behalf. After hearing the testimony provided, as well as the arguments from both parties, the Delaware Superior Court concluded that the police had sufficient probable cause to seize Petitioner and search his car, and therefore, denied the suppression motion. Petitioner

5

then presented the same claim to the Delaware Supreme Court on direct appeal, and the Delaware Supreme Court denied the claim as meritless.

Despite these proceedings, Petitioner maintains that he was denied a full and fair opportunity to litigate his Fourth Amendment claim because the Delaware Supreme Court's appellate decision did not include even a "colorable application of the correct Fourth Amendment constitutional standard." (D.I. 1; D.I. 11, citing Gilmore v. Marks, 799 F.2d 51, 57 (3d Cir. 1986), cert. denied, 479 U.S. 1041 (1987)). However, "[a]n erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [Stone] bar." Marshall, 307 F.3d at 82. Rather, the "full and fair opportunity to litigate" provided in Stone only guarantees the right to present a Fourth Amendment claim, not the right to a correct result. Id. Thus, even if the Court liberally construes Petitioner's contention that the Delaware Supreme Court did not review his Fourth Amendment claim under the prevailing Fourth Amendment precedent, this assertion, at most, constitutes an allegation that the Delaware State Courts incorrectly denied Petitioner's suppression motion. Under Stone such a claim is not cognizable, and therefore, the Court will dismiss the Petition and deny the relief requested therein.

### IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Additionally, if a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's federal habeas claim does not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

**V.   CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.